# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>JEREMY ACE WOODS,<br>[DOB:   05/29/1977]<br><br>                Defendant. | Case No.   4:22-00105-01-CR-W-HFS<br><br>**COUNTS ONE through THREE**:<br>18 U.S.C. § 2314<br>(Travel Fraud)<br>NMT 10 Years' Imprisonment<br>NMT $250,000 Fine<br>NMT 3 Years' Supervised Release<br>Class C Felony<br><br>**COUNTS FOUR and FIVE**:<br>18 U.S.C. § 1343<br>(Wire Fraud)<br>NMT 20 Years' Imprisonment<br>NMT $250,000 Fine<br>NMT 3 Years' Supervised Release<br>Class C Felony<br><br>**FORFEITURE ALLEGATION**:<br>18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461<br><br>$100 Mandatory Assessment Per Count<br><br>Restitution May Be Ordered |

# I N F O R M A T I O N

THE UNITED STATES ATTORNEY CHARGES THAT:

At times relevant to this Information:

1. Jeremy Ace Woods, the defendant, was an individual who resided in the Western District of Missouri.

2. A.W. was an individual who performed work for Jeremy Ace Woods.

3. J.H. was an individual who performed work for Jeremy Ace Woods.

4. C.F. was an individual who performed work for Jeremy Ace Woods.

5. Facebook Marketplace was a website where Facebook users could post items for sale and exchange messages with other Facebook users interested in purchasing the posted items.

6. Venmo was a mobile payment service application that allowed application users to send and receive United States currency.

7. BOK Financial was a financial institution headquartered in Tulsa, Oklahoma, with branch locations within the Western District of Missouri. BOK Financial offered its customers various banking services, including, but not limited to, the opening of checking accounts and savings accounts.

8. Ace's Remediation and Lawn Service, L.L.C., (Ace's Remediation and Lawn Service) was a limited liability company registered in the state of Missouri. Jeremy Ace Woods worked as an owner, operator, and/or employee of Ace's Remediation and Lawn Service.

9. Vaughns Property Management, L.L.C., (Vaughns Property Management) was a limited liability company registered in the state of Missouri. Jeremy Ace Woods worked as an owner, operator, and/or employee of Vaughns Property Management.

## Schemes to Defraud

10. From on or about January 16, 2020, to on or about November 25, 2021, defendant Jeremy Ace Woods devised and intended to devise a scheme to defraud multiple business entities and individuals, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises related to the selling of rental equipment he did not own and did not have the authority to sell. The scheme involved approximately 70 pieces of equipment with a total value of over $750,000.

11. Additionally, from on or about October 1, 2021, to on or about February 1, 2022, defendant Jeremy Ace Woods devised and intended to devise a scheme to defraud multiple individuals, and to obtain money and property by means of materially false and fraudulent

pretenses, representations, and promises related to the selling of homes he did not own and did not have the authority to sell. The scheme involved approximately 13 homes with total payments, made or intended, of over $1,000,000.

## Manner and Means of Committing the Rental Equipment Scheme

12. As part of the scheme, Jeremy Ace Woods rented—or had A.W., J.H., or others rent on his behalf—equipment from various business entities. After renting the equipment, Jeremy Ace Woods offered the rented equipment for sale through various means, including Facebook Marketplace. Jeremy Ace Woods asserted that he was the owner of the rented equipment through false and fraudulent pretenses, representations, and promises, and sold the rented equipment to individuals who believed he was the legal owner of the equipment.

### Boxer Skid Steer Sold to M.B.

13. As part of the scheme, on January 16, 2020, A.W.—at the direction of Jeremy Ace Woods—rented a 2018 Boxer skid steer from a Home Depot located in Olathe, Kansas.

14. As part of the scheme, Jeremy Ace Woods, using the Facebook username Jeremy Ace, posted the Boxer skid steer for sale on Facebook Marketplace. Victim M.B., a resident of Shawnee, Kansas, viewed the posting and contacted Jeremy Ace Woods. M.B. and Jeremy Ace Woods discussed the Boxer skid steer and eventually agreed on a sale price of $7,000.

15. As part of the scheme, on or about February 26, 2020, M.B.—at the request of Jeremy Ace Woods—traveled from Shawnee, Kansas, to Kansas City, Missouri. Upon arrival in Kansas City, Missouri, M.B. provided Jeremy Ace Woods with $7,000 in United States currency in exchange for the Boxer skid steer.

16. Shortly after taking possession of the Boxer skid steer, M.B. became aware the skid steer was rental property from Home Depot. Based on this discovery, the Boxer skid steer was returned to Home Depot.

### Bobcat Skid Steer Sold to F.M.

17. As part of the scheme, on or about February 5, 2020, A.W.—at the direction of Jeremy Ace Woods—rented a 2019 Bobcat skid steer from United Rentals, located in Olathe, Kansas.

18. As part of the scheme, on or about February 5, 2020, Jeremy Ace Woods took possession of the rented Bobcat skid steer and subsequently sold the Bobcat skid steer to victim F.M. Specifically, Jeremy Ace Woods met F.M. at a Bank of America located in Independence, Missouri. At that location, F.M. obtained a cashier's check for $13,500, which F.M. provided to Woods in exchange for the Bobcat skid steer.

19. As part of the scheme, on or about February 5, 2020, Jeremy Ace Woods took the $13,500 cashier's check, provided by F.M., to the BOK Financial branch located in Lee's Summit, Missouri, and deposited the check into his account.

20. Shortly after taking possession of the Bobcat skid steer, F.M. became aware the skid steer was rental property from United Rentals. Based on this discovery, the Bobcat skid steer was returned to United Rentals.

### Toro Dingo TX 1000 Sold to C.K.

21. As part of the scheme, on or about November 3, 2021, J.H.—at the direction of Jeremy Ace Woods—rented a Toro Dingo TX 1000 compact utility loader from Coleman Equipment in Smithville, Missouri.

22. As part of the scheme, Jeremy Ace Woods, using the Facebook username Elvis John, posted the Toro Dingo for sale on Facebook Marketplace. On or about November 11,

2021, victim C.K.—an individual from Omaha, Nebraska—viewed the posting and started a conversation with Jeremy Ace Woods.

23. As part of the scheme, on or about November 11, 2021, Jeremy Ace Woods and C.K. exchanged several Facebook messages and text messages. Through these messages, Jeremy Ace Woods and C.K. agreed on a sale price of $14,000 for the Toro Dingo and agreed that C.K. would travel from the state of Nebraska to St. Joseph, Missouri, to purchase the Toro Dingo. Specifically, on or about November 11, 2021, a text message was sent to C.K. that stated "Thanks..You come up with 14,000..We call it good since you coming down and buying more."

24. As part of the scheme, on November 11, 2021, C.F.—at the direction of Jeremy Ace Woods—met C.K. in St. Joseph, Missouri. C.K. provided C.F. with $13,200 in United States currency in exchange for the Toro Dingo. C.K. subsequently provided Jeremy Ace Woods $800 through Venmo, on or about November 25, 2021, to complete the sale.

25. After taking possession of the Toro Dingo, C.K. became aware the Toro Dingo was rental property from Coleman Equipment. Based on this discovery, the Toro Dingo was returned to Coleman Equipment.

**Manner and Means of Committing the Real Estate Scheme**

26. As part of the scheme, Jeremy Ace Woods—acting through Ace's Remediation and Lawn Service and/or Vaughns Property Management—solicited and received subcontracting jobs for maintenance tasks on homes going through the foreclosure process. Many of the subcontracting jobs Woods obtained were for real estate properties owned by the United States Department of Housing and Urban Development, including the property listed in paragraph 27. After receiving the jobs and being granted access to the homes, Jeremy Ace Woods asserted to individuals—through false and fraudulent pretenses, representations, and promises—that he had the ability to

sell the homes. Based on these assertions, individuals provided Jeremy Ace Woods with down payments for homes Jeremy Ace Woods did not own and did not have the authority to sell.

**11801 West 54th Street, Shawnee, Kansas 66203 and C.M.**

27. As part of the scheme, Jeremy Ace Woods received a work order for a home located at 11801 West 54th Street, Shawnee, Kansas 66203. After gaining access to the home, Jeremy Ace Woods asserted to C.M. that he had the ability to sell the home, and Jeremy Ace Woods and C.M. agreed to a $70,000 purchase price.

28. As part of the scheme, on or about January 18, 2022, C.M.—at the direction of Jeremy Ace Woods— went to U.S. Bank and obtained a cashier's check in the amount of $8,000 payable to Ace's Remediation and Law Service. Additionally, on or about January 18, 2022, C.M.—at the direction of Jeremy Ace Woods—traveled from Overland Park, Kansas, to Kansas City, Missouri. Upon arrival in Kansas City, Missouri, C.M. provided Jeremy Ace Woods with the $8,000 cashier's check for a down payment on 11801 West 54th Street, Shawnee, Kansas 66203.

29. Shortly after providing Jeremy Ace Woods with the cashier's check for $8,000, C.M. became aware that Jeremy Ace Woods did not own, or have the authority to sell, 11801 West 54th Street, Shawnee, Kansas 66203.

**COUNTS ONE, TWO, and THREE**
**(Travel Fraud)**

30. The statements and allegations contained in paragraphs one through 16 and 21 through 29 of this Information are realleged and incorporated by reference.

31. On or about each of the dates set forth below, in the Western District of Missouri, the defendant, Jeremy Ace Woods, having devised and intended to devise the schemes and artifices to defraud described above, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transport, cause to be transported, and

6

induce the transportation of the below-listed individuals from the below-listed states to the Western District of Missouri, in the execution of the above-described schemes and artifices to defraud the below-listed individuals of United States currency having a value of $5,000 or more.

| Count | Date of Offense | Description |
|---|---|---|
| One | 02/26/2020 | M.B. traveled from Shawnee, Kansas, to Kansas City, Missouri, to purchase the above-mentioned 2018 Boxer skid steer for $7,000. |
| Two | 11/11/2021 | C.K. traveled from Omaha, Nebraska, to St. Joseph, Missouri, to purchase the above-mentioned Toro Dingo TX 1000 for $14,000. |
| Three | 01/18/2022 | C.M. traveled from Overland Park, Kansas, to Kansas City, Missouri, to make a down payment on 11801 West 54th Street, Shawnee, Kansas 66203 in the amount of $8,000. |

All in violation of Title 18, United States Code, Section 2314.

## COUNTS FOUR and FIVE
### (Wire Fraud)

32. The statements and allegations contained in paragraphs one through 7, 10, 12, and 17 through 25 of this Information are realleged and incorporated by reference.

33. On or about each of the dates set forth below, in the Western District of Missouri and elsewhere, the defendant, Jeremy Ace Woods, with the intent to defraud and for the purpose of executing the rental equipment scheme described above, caused to be transmitted by means of wire communication in interstate commerce the writings, signals, and sounds described below for each count, each transmission constituting a separate count.

| Count | Date of Offense | Description |
|---|---|---|
| Four | 02/05/2020 | Bank of America cashier's check, provided by F.M., deposited into BOK Financial account in the Western District of Missouri, necessitating writings, signals, and sounds to be sent to the BOK Financial servers in the state of Oklahoma. |
| Five | 11/11/2021 | Above-quoted text message sent from the Western District of Missouri to C.K, who was located in the state of Nebraska. |

7

All in violation of Title 18, United States Code, Section 1343.

## ALLEGATION OF FORFEITURE

34. The statements and allegations contained in paragraphs one through 33 of this Information are realleged and incorporated by reference for purposes of alleging forfeiture to the United States, pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C); Title 18, United States Code, Section 2314; Title 18, United States Code, Section 1343; and Title 28, United States Code, Section 2461.

35. As a result of the offenses alleged in Counts One through Five of this Information, and pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, the defendant shall forfeit to the United States all property, real and personal, constituting and derived from any proceeds the defendant obtained directly and indirectly as a result of the violations incorporated by reference in this allegation, including, but not limited to:

### Money Judgement

36. A money judgement representing proceeds obtained by the defendant in that the sum in aggregate, constitutes or is derived from proceeds traceable to the offenses set forth in Counts One through Five.

### Substitute Assets

37. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred, sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been comingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

Respectfully submitted,

Teresa A. Moore
United States Attorney

By   /s/ Nicholas P. Heberle

Nicholas P. Heberle
Assistant United States Attorney

Dated:    12/14/2022
        Kansas City, Missouri